IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CHARLES S HARTZOL, III,**
**#Y37720,**

        **Plaintiff,**

v.

**J. SCHANZ,** *et al.,*

        **Defendants.**

Case No. 24-cv-01817-SPM

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Charles Hartzol commenced this action pursuant to 42 U.S.C. § 1983, while incarcerated at Menard Correctional Center. (Doc. 1). On August 1, 2024, the Court issued an order directing Plaintiff to file a Notice Regarding Magistrate Judge Jurisdiction form indicating consent to proceed before a magistrate judge or an affirmative declination to consent (consent/declination form). (Doc. 4). Plaintiff returned the consent/declination form, but it was stricken because the form was unsigned. (Doc. 7). The Court resent the consent/declination form to Plaintiff. Plaintiff missed the deadline to refile the form, and he was given an additional seven days. (Doc. 12). Plaintiff returned the consent/declination form on August 26, 2024, but again, he failed to sign it. (Doc. 14). He was sent a new form with instructions to return it by August 29, 2024. He failed to do so.

On September 11, 2024, the Court entered a show cause order. (Doc. 17). The Court noted that Plaintiff had failed to follow the Court's instructions to file a properly signed form indicating consent to proceed before the magistrate judge or an affirmative declination to consent. Plaintiff was given until September 25, 2024, to show cause why sanctions should not be imposed for failure

to file the consent/declination form as required under Administrative Order No. 347. It has been over a month, and Plaintiff has not filed a properly completed consent/declination form or requested additional time to do so. Plaintiff has ignored the Court's directives and has failed to actively prosecute his claims. *See* FED. R. CIV. P. 41(b). The Court will not allow this matter to linger indefinitely.

For these reasons, this action is **DISMISSED without prejudice**, based on Plaintiff's failure to comply with the Court's orders to file a consent/declination form and for failure to prosecute his claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If he does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* FED. R. APP. P. 24(a)(1)(C). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

All pending motions are denied as moot. The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: November 19, 2024**

                                                   _s/Stephen P. McGlynn_
                                                   **STEPHEN P. MCGLYNN**
                                                   **United States District Judge**